Williams v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand fifteen.

**PRESENT:**

> **DENNIS JACOBS,**
> **PETER W. HALL,**
> **GERARD E. LYNCH,**
> _Circuit Judges._

_____

**Natalie M. Williams,**

> _Plaintiff-Appellant_,

> **v.**                                                     **14-1483**

**City of New York, et al.,**

> _Defendants-Appellees_.

_____

**FOR PLAINTIFF-APPELLANT:**          Natalie M. Williams, _pro se_, Utica, New York.

**FOR DEFENDANTS-APPELLEES:**        Susan P. Greenberg (_for_ Zachary W. Carter, Corporation Counsel for the City of New York), New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Natalie M. Williams, *pro se*, appeals the district court's judgment dismissing her amended complaint, which primarily alleges claims under 42 U.S.C. § 1983 and the Age Discrimination in Employment Act ("ADEA"). Williams, formerly a tenured teacher in the New York City public school system, was terminated after being found guilty of misconduct. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, an independent review of the record and relevant case law reveals that the district court properly dismissed Williams's claims. We affirm for substantially the reasons stated by the district court in its thorough and well-reasoned March 26, 2014 decision.

Contrary to Williams's contentions on appeal, the record reflects that her proposed amended complaint was docketed and considered by both the magistrate judge and the district

1

court. Further, the court did not err by deferring discovery until after it ruled on the motion to dismiss: "a plaintiff is not entitled to discovery if his pleadings are fatally and incurably defective as a matter of law." *Dotson v. Griesa*, 398 F.3d 156, 159 (2d Cir. 2005). Finally, Williams's claim that the district court and magistrate judge were biased against her is not supported by the record. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

On the merits, the district court correctly dismissed Williams's ADEA claim, because even accepting her factual allegations as true, "concern with the elevated costs of senior employees does not constitute age discrimination." *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 153 (2d Cir. 2000); *see also Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611-13 (1993). Williams does not argue that her age, as distinguished from her pension eligibility, played any role in her termination, or that such eligibility was a "direct function of age[,] rather than years of service[]." *Criley v. Delta Air Lines, Inc.*, 119 F.3d 102, 106 (2d Cir. 1997).

As to Williams's other claims, and the other grounds for dismissal relied upon by the district court, Williams has not raised any relevant arguments in her briefs on appeal, so we need not consider them. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

We have considered all of Williams's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2